Electronically Filed
8/18/2017 12:34 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

Cause No. **C-3810-17-J** _____

| | | |
|---|---|---|
| **German Salas** | § § § | In the District Court |
| *Plaintiff,* | § § § § | |
| vs. | § § | Hidalgo County, Texas |
| **United Property & Casualty Insurance Company and Xavier Mendoza Jr** | § § § § § | |
| *Defendants.* | § | _____ Judicial District |

**PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, German Salas ("Plaintiff"), and files this **Plaintiff's Original Petition** complaining of United Property & Casualty Insurance Company and Xavier Mendoza Jr (or collectively, "Defendants"), and for cause of action, Plaintiff would respectfully show the following:

## A. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 1 of Texas Rules of Civil Procedure 190.2 and 169.

## B. PARTIES

2. Plaintiff, German Salas, is an individual residing in Hidalgo County, Texas at 1827 Butkus Dr., Edinburg, TX 78542.



1

Case 7:17-cv-00364   Document 1-4   Filed in TXSD on 09/22/17   Page 2 of 14

Electronically Filed
8/18/2017 12:34 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3810-17-J

3. Defendant, United Property & Casualty Insurance Company, is an insurance company doing business in Texas and may be served as follows: C T Corporation System  1999 Bryan St Ste 900  Dallas TX 75201.

4. Defendant, Xavier Mendoza Jr, is an adjuster in the course and working scope of employment with United Property & Casualty Insurance Company. Xavier Mendoza Jr can be served at the residential address listed with the Texas Department of Insurance: 7917 McPherson Rd, Ste 201, Laredo, TX  78045. Plaintiff requests service at this time.

### C. JURISDICTION

5. The Court has jurisdiction over United Property & Casualty Insurance Company because United Property & Casualty Insurance Company engages in the business of insurance in the State of Texas, and the causes of action arise out of its business activities in the State of Texas, including those in Hidalgo County, Texas, with reference to this specific case.

6. The Court has jurisdiction over Xavier Mendoza Jr because Xavier Mendoza Jr is a resident of the State of Texas who engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of Xavier Mendoza Jr's business activities in the State of Texas, with reference to this specific case.

### D. VENUE

7. Venue is proper in Hidalgo County, Texas, because the insured property is situated in Hidalgo County, Texas. Tex. Civ. Prac. & Rem. Code § 15.032.

### E. CONDITIONS PRECEDENT

8. All conditions precedent to recovery have been performed, waived, or have occurred.

### F. AGENCY AND *RESPONDEAT SUPERIOR*

Case 7:17-cv-00364   Document 1-4   Filed in TXSD on 09/22/17   Page 3 of 14

Electronically Filed
8/18/2017 12:34 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3810-17-J

9.  Whenever in this petition it is alleged that United Property & Casualty Insurance Company did any act or omission, it is meant that United Property & Casualty Insurance Company itself or its agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of United Property & Casualty Insurance Company or done in the normal routine, course, and scope of the agency or employment of United Property & Casualty Insurance Company or its agents, officers, servants, employees, or representatives.

## G. FACTS

10. Plaintiff is a named insured under a property insurance policy—UTH0108365-02-42 (the "Policy")—issued by United Property & Casualty Insurance Company. The Policy insures, among other things, against losses from storm damage to Plaintiff's property, namely, the real property and improvements located at 1827 Butkus Dr., Edinburg, TX 78542 (the "Property").

11. On or about 05/31/2017, during the policy period, a storm caused damage to the Property that was covered the Policy. The storm caused extensive damage to the Property including but not limited to damage to the roof, ceilings, and fence.

12. Shortly after the storm, Plaintiff noticed damage to the Property. Plaintiff contacted United Property & Casualty Insurance Company to notify United Property & Casualty Insurance Company of the damage.

13. Plaintiff submitted a claim, 2017TX023744, to United Property & Casualty Insurance Company against the Policy for all roof damage, water damage, and wind damage the Property sustained as a result of the storm.

14. Plaintiff asked that United Property & Casualty Insurance Company honor its contractual obligations to cover the cost of repairs to the Property.

Electronically Filed
8/18/2017 12:34 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3810-17-J

15. United Property & Casualty Insurance Company assigned Xavier Mendoza Jr to adjust the claim. Defendants, United Property & Casualty Insurance Company and Xavier Mendoza Jr, conducted a substandard investigation of Plaintiff's claim, failed to thoroughly investigate Plaintiff's losses, and spent an inadequate amount of time on the investigation. Xavier Mendoza Jr failed to fully inspect all damage to the Property.

16. Despite obvious, visible storm damage, Xavier Mendoza Jr, on his/her own behalf and on behalf of United Property & Casualty Insurance Company, verbally misrepresented to Plaintiff at the time of the inspection and thereafter that the Property had minimal storm-related damage. Xavier Mendoza Jr repeated this misrepresentation, again on his/her own behalf and on behalf of United Property & Casualty Insurance Company, in a letter to Plaintiff dated 7/17/2017.

17. Together, Defendants United Property & Casualty Insurance Company and Xavier Mendoza Jr set out to deny properly-covered damages by performing a results-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

18. Defendant United Property & Casualty Insurance Company failed to perform its contractual obligation to adequately compensate Plaintiff under the terms of the Policy. All conditions precedent to recovery under the Policy have been performed by Plaintiff. United Property & Casualty Insurance Company's conduct constitutes a breach of the insurance contract between United Property & Casualty Insurance Company and Plaintiff.

19. Even though the Property sustained obvious damage caused by a covered occurrence, Defendants misrepresented the scope of damage to the Property and misrepresented the scope of coverage under the Policy. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(1).

4

Electronically Filed
8/18/2017 12:34 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3810-17-J

20.     Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(2)(A).

21.     Defendants refused to adequately compensate Plaintiff under the terms of the Policy, and they failed to conduct a reasonable investigation of the claim. This conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

22.     Defendants failed to offer Plaintiff a reasonable explanation for why Plaintiff's claim was denied. This conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3).

23.     Defendant, United Property & Casualty Insurance Company, failed to timely acknowledge Plaintiff's claim, begin an investigation of the claim, and request all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of the claim. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.055.

24.     Defendant, United Property & Casualty Insurance Company, failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all the necessary information. This conduct is a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

25.     Defendant, United Property & Casualty Insurance Company, delayed full payment of Plaintiff's claim longer than allowed, and, to date, Plaintiff has not received full payment for Plaintiff's claim. This conduct is a violation of the Texas Insurance Code, Prompt Payment of

5

Electronically Filed
8/18/2017 12:34 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3810-17-J

Claims. TEX. INS. CODE § 542.058.

26. Since the time Plaintiff's claim was presented to Defendant United Property & Casualty Insurance Company, the liability of United Property & Casualty Insurance Company to pay the full claim in accordance with the terms of the Policy has been reasonably clear. Nevertheless, United Property & Casualty Insurance Company has refused to pay, despite there being no basis on which a reasonable insurance company would have relied to deny the claim. This conduct is a violation of United Property & Casualty Insurance Company's duty of good faith and fair dealing.

27. Defendants knowingly or recklessly made false representations, as described above, as to material facts. Alternatively, Defendants knowingly concealed all or part of material information from Plaintiff.

28. To date, Plaintiff has yet to receive full payment for the damages to which Plaintiff is entitled under the Policy. Plaintiff has suffered damages as a result of Defendants' actions described above. The mishandling of Plaintiff's claim also caused a delay in Plaintiff's ability to fully repair the Property, resulting in additional damages.

### H. CAUSES OF ACTION

I. **BREACH OF CONTRACT** (against United Property & Casualty Insurance Company)

29. Defendant United Property & Casualty Insurance Company had a contract of insurance with Plaintiff. Plaintiff met or performed all conditions precedent under the contract. United Property & Casualty Insurance Company breached the terms of that contract by wrongfully denying and/or underpaying the claim, and Plaintiff was damaged thereby.

30. Defendant United Property & Casualty Insurance Company is therefore liable to Plaintiff for breach of contract.

Electronically Filed
8/18/2017 12:34 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3810-17-J

**II. PROMPT PAYMENT OF CLAIMS STATUTE** (against United Property & Casualty Insurance Company)

31. Plaintiff's claim is a claim under an insurance policy with Defendant United Property & Casualty Insurance Company, of which Plaintiff gave United Property & Casualty Insurance Company proper notice. United Property & Casualty Insurance Company is liable for the claim.

32. Defendant United Property & Casualty Insurance Company violated the prompt payment of claims provisions of the Texas Insurance Code, namely, section 542.051 et seq., by:

33. Failing to acknowledge or investigate the claim or to request from Plaintiff all items, statements, and forms United Property & Casualty Insurance Company reasonably believed to be required within the time constraints provided by Tex. Ins. Code § 542.055; failing to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints provided by Tex. Ins. Code § 542.056; and/or delaying payment of the claim following United Property & Casualty Insurance Company's receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided by Tex. Ins. Code § 542.058.

34. Defendant United Property & Casualty Insurance Company is therefore liable to Plaintiff for damages. In addition to Plaintiff's claim for damages, Plaintiff is further entitled to 18% interest and attorney's fees as set forth in section 542.060 of the Texas Insurance Code.

**III. UNFAIR SETTLEMENT PRACTICES/BAD FAITH** (against all Defendants)

35. Each of the foregoing paragraphs is incorporated by reference here fully.

36. As explained further herein, Defendants violated Tex. Ins. Code § 541.060(a) by engaging in unfair settlement practices.

**DEFENDANT** United Property & Casualty Insurance Company

37. Defendant United Property & Casualty Insurance Company engaged in unfair

7

Case 7:17-cv-00364 Document 1-4 Filed in TXSD on 09/22/17 Page 8 of 14

Electronically Filed
8/18/2017 12:34 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3810-17-J

settlement practices by misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue; failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after United Property & Casualty Insurance Company's liability became reasonably clear; failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy in relation to the facts or applicable law for United Property & Casualty Insurance Company's denial of a claim or offer of a compromise settlement of a claim; failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and refusing to pay the claim without conducting a reasonable investigation with respect to the claim.

38. Each of the aforementioned unfair settlement practices was committed knowingly by Defendant United Property & Casualty Insurance Company and was a producing cause of Plaintiff's damages. United Property & Casualty Insurance Company is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff damages.

**DEFENDANT** Xavier Mendoza Jr

39. Defendant Xavier Mendoza Jr was a contractor and/or adjuster assigned by Xavier Mendoza Jr to assist with adjusting the claim. Xavier Mendoza Jr was charged with investigating the claim and communicated with the insured about the Policy terms. Insurance adjusters are "persons engaged in the business of insurance" under Tex. Ins. Code 541.001, et seq., and are individually liable for their individual violations of the Texas Insurance Code. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486 (Tex. 1998).

40. Xavier Mendoza Jr was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including the discovery of covered damages and fully quantifying covered damages to Plaintiff's Property.

8

Electronically Filed
8/18/2017 12:34 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3810-17-J

41.   Xavier Mendoza Jr conducted a substandard, results-oriented inspection of the Property.

42.   As such, Xavier Mendoza Jr failed to discover covered damages and/or fully quantify covered damages to Plaintiff's Property, as the Policy and Texas law require.

43.   Further, Xavier Mendoza Jr misrepresented material facts to Plaintiff, that is, the existence and true value of Plaintiff's covered losses. Additionally, Xavier Mendoza Jr failed to provide Plaintiff with a reasonable explanation as to why Xavier Mendoza Jr did not compensate Plaintiff for the covered losses, or the true value thereof.

44.   Thus, Xavier Mendoza Jr engaged in unfair settlement practices by: misrepresenting to Plaintiff a material fact or policy provision relating to the coverage at issue; failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim after United Property & Casualty Insurance Company's liability became reasonably clear; failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy in relation to the facts or applicable law for its adjuster's denial of the claim or offer of a compromise settlement of the claim; and/or failing to conduct a reasonable investigation of Plaintiff's claim. Each of the aforementioned unfair settlement practices was committed knowingly by Xavier Mendoza Jr and was a producing cause of Plaintiff's damages. Xavier Mendoza Jr is therefore liable to Plaintiff for engaging in such unfair settlement practices and causing Plaintiff damages.

**IV.   DTPA VIOLATIONS** (against all Defendants)

45.   Each of the foregoing paragraphs is incorporated by reference here fully.

46.   At all material times herein, Plaintiff was a "consumer" who purchased insurance products and services from Defendants, and the products and services form the basis of this action.

47.   Defendants have violated the Texas Deceptive Trade Practices Consumer

Electronically Filed
8/18/2017 12:34 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3810-17-J

Protection Act ("DTPA") in at least the following respects:

48. Defendants represented that the Policy confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law; Defendants represented goods, products, or services had sponsorship, approval, characteristics, uses, benefits, or quantities they do not have; Defendants failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce Plaintiff into a transaction Plaintiff would not have entered into had the information been disclosed; Defendants, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that Defendants took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code; generally engaging in unconscionable courses of action while handling Plaintiff's claim; and/or violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

49. As a result of Defendants' violations of the DTPA, Plaintiff suffered actual damages, and such violations were a producing, actual, and proximate cause of Plaintiff's damages. Therefore, Defendants are liable to Plaintiff for violations of the DTPA.

50. Further, Defendants knowingly and/or intentionally committed the acts complained of herein. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

V. **BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING** (against United Property & Casualty Insurance Company)

51. Defendant United Property & Casualty Insurance Company breached the common

Electronically Filed
8/18/2017 12:34 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3810-17-J

law duty of good faith and fair dealing owed to Plaintiff by denying or delaying payment on the claim when United Property & Casualty Insurance Company knew or should have known liability was reasonably clear. United Property & Casualty Insurance Company's conduct proximately caused Plaintiff's damages.

52. Defendant United Property & Casualty Insurance Company is therefore liable to Plaintiff.

## VI. ATTORNEY'S FEES

53. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendants and agreed to pay reasonable attorney's fees and expenses through trial and any appeal.

54. Plaintiff is entitled to recover reasonable and necessary attorney's fees pursuant to Tex. Civ. Prac. & Rem. Code §§ 38.001–38.003 because Plaintiff is represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

55. Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorney's fees pursuant to Tex. Bus. & Com. Code § 17.50(d).

56. Plaintiff is additionally or alternatively entitled to recover reasonable and necessary attorney's fees pursuant to sections 541.152 and 542.060 of the Texas Insurance Code.

### I. KNOWLEDGE

57. Each of the acts described above, together and singularly, was done "knowingly," as that term is used in the Texas Insurance Code, and was a producing cause of Plaintiff's damages described herein.

### J. DAMAGES

58. Plaintiff would show that all of the aforementioned acts, taken together or

11

Electronically Filed
8/18/2017 12:34 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3810-17-J

singularly, constitute the producing causes of the damages sustained by Plaintiff.

59. Due to the mishandling of Plaintiff's claim by Defendants, the damages caused by the 05/31/2017 storm have not been fully addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

60. For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

61. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE § 541.152.

62. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE § 542.060.

63. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

64. For fraud, Plaintiff is entitled to recover actual damages, as well as exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees,

Electronically Filed
8/18/2017 12:34 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3810-17-J

interest, and court costs.

65. For the prosecution and collection of this claim, Plaintiff was compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action.

### K. STATEMENT OF RELIEF AND DAMAGES

66. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff is seeking monetary relief of less than $100,000, including damages of any kind, penalties, costs, expenses, prejudgment interest, and attorney's fees. A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

### L. RESERVATION OF RIGHTS

67. Plaintiff reserves the right to prove the amount of damages at trial. Plaintiff reserves the right to amend this petition to add additional counts upon further discovery and as the investigation continues.

### M. JURY DEMAND

68. Plaintiff hereby request that all causes of action alleged herein be tried before a jury consisting of citizens residing in Hidalgo County, Texas. Plaintiff hereby tenders the appropriate jury fee.

Electronically Filed
8/18/2017 12:34 PM
Hidalgo County District Clerks
Reviewed By: Alexis Bonilla

C-3810-17-J

## N. REQUEST FOR DISCLOSURE

69. Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 194.2.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon trial hereof, said Plaintiff has and recover such sum as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual damages, trebled, under the Texas Insurance Code and Texas Deceptive Trade Practices Consumer Protection Act, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all court costs on Plaintiff's behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

**ZAR LAW FIRM**

*/s/Matthew M. Zarghouni*
Matthew Zarghouni
State Bar No. 24086085
7322 Southwest Fwy, Suite 1965
Houston, Texas 77074
Office: (713) 333-5533
Fax: (832) 448-9149
Matt@zar-law.com

**ATTORNEY FOR PLAINTIFF**